UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER Y. LEE, *on behalf of himself and the putative class*,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL PARKING CORPORATION, Central Parking System, Inc., Central Parking System of New Jersey, Inc., Central Parking System of New Jersey, LLC, SP Plus Corporation *d/b/a Standard Parking*, Port Imperial South LLC, Port Imperial Ferry Corp. *d/b/a NY Waterway*, and Port Imperial Corp.,<br><br>Defendants. | Civ. No. 2:15-CV-0454<br>(KM)(MAH)<br><br>**MEMORANDUM AND ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

     This matter comes before the Court on the Report and Recommendation ("R&R") (ECF No. 37) of the Honorable Michael A. Hammer, United States Magistrate Judge, recommending that Plaintiff's motion to remand this action to the Superior Court of New Jersey, Law Division, Essex County (ECF No. 26) be denied. For the reasons set forth below, this appeal will be administratively terminated, and I will permit limited jurisdictional discovery. In substance, this is not a reversal but a reservation of decision pending further inquiry. Behind my reasoning is a concern that this matter—a state law case involving a local parking lot—has been improvidently removed to federal court. I do not prejudge that issue, but I do wish to have a fuller record.

     Familiarity with Magistrate Judge Hammer's thorough and well-reasoned Report and Recommendation is assumed. While I find it

1

persuasive, I will nevertheless, out of caution, permit the parties to engage in jurisdictional discovery before I decide whether to adopt it. In doing so, I am guided by the approach of an experienced colleague, Judge Joseph H. Rodriguez, in *Roche v. Aetna Health Inc.*, Civ. No. 13-3933, 2014 WL 1309963 (D.N.J. March 31, 2014). Faced by a "home state exception" issue as to which the facts were not clear, Judge Rodriguez resorted to the fallback principle that jurisdictional discovery should be permitted where a claim of jurisdiction is not "clearly frivolous." *Id.* at *6. I do the same.

I am also mindful that, in a removal setting, the normal incentives can be reversed. (For purposes of satisfying the amount-in-controversy requirement, for example, plaintiffs may downplay the value of the case, and defendants may inflate it.) Irrespective of the burden of proof, a party should not be permitted to profit from the absence of evidence that it could readily obtain, and may even possess. Permitting discovery can redress the informational imbalance and realign the incentives.

As to the amount in controversy, defendants state that Fee Computer Number 12 processed more than 50,000 credit card transactions. (Sadik Decl. ¶25) Because potential statutory damages range from $100 to $1,000, simple multiplication yields a total in excess of $5 million. Like Judge Hammer, I find this plausible. But Defendants' position rests on an assumption that *all* of the receipts are credit card receipts, and that *all* allegedly reveal too many digits. Plaintiff, for his part, seems to make no such claim. Defendants' records may support a more informed determination as to how many receipts were issued in the relevant time period, and how many of those contained more than five digits of the customer's credit card number.

Judge Hammer found that the record was insufficient to establish that more than 2/3 of the class consisted of New Jerseyans for purposes of the mandatory "home state" exception (1/3 in the case of the

2

discretionary exception). I agree that there is smoke here, but no fire. There is enough, however, to warrant further exploration. The Port Imperial parking facility caters to New Jersey drivers who commute to Manhattan by ferry. It is not close to a state border (at least not to one that is on dry land). But there is no need to rely on geographic intuitions. Information available in discovery may help moor both sides' intuitions in the available data. I will permit jurisdictional discovery for that purpose.

I am also in doubt as to the status of various defendant entities—for example, in relation to the "primary defendant" requirement of the home state exception. The Port Imperial defendants, which have not appeared, may have no role beyond that of property owner, though that is not clear. Certain SP defendants may have committed no liability-creating act, but may simply occupy a rung on the corporate ladder.

The entities primarily liable would seem to be those that operated the parking facility and issued the credit card receipts. The complaint, however, makes a group allegation that a number of defendant entities managed multiple parking facilities, including Port Imperial. (Complaint ¶12) Defendants' papers, too, contain no clear statement as to which entity managed the Port Imperial facility for which time period. Instead, defendants stress the distinct issue of the identity of the parking lot personnel's employer.[1] That might or might not correspond to the relevant issue. The identity of the employees' corporate paymaster is perhaps a suggestive fact in defendants' favor, but it is not dispositive.

Two of the possible managing entities—Central Parking System of New Jersey, Inc., and Central Parking System of New Jersey, LLC—have

---

[1] An affidavit filed by the SP Defendants states that the persons who operated the credit card vending machine at issue were employed, not by Central Parking System of New Jersey, Inc., or Central Parking System of New Jersey, LLC, but first by Central Parking Corporation, and then (after a merger) by SP Plus Corporation. Sedik Aff. ¶¶22–23.

3

names that suggest New Jersey citizenship. As to that issue, however, the notice of removal is silent. It does state that Central Parking System New Jersey, Inc. was merged into Central Parking System of New Jersey, LLC in 2011. (Notice of Removal ¶7)

Suggestively, it also states that Central Parking System of New Jersey, LLC was merged into Central Parking System, Inc. (which is not a citizen of New Jersey), in December 2014. (*Id.* ¶6) That merger into an out-of-state entity seemingly occurred one month *after* the state court complaint was filed and one month *before* the notice of removal was filed. (*Id.* ¶6) I do not suggest a cause-and-effect relationship; indeed, I do not even know whether Central Parking System of New Jersey, LLC is a New Jersey citizen, or whether it managed the parking facility. But that is the point; discovery is needed.

The court will want to know the identities of the defendant entities who managed the parking facility, and their states of citizenship, together with the precise dates of any change of citizenship. The parties may also wish to state their positions as to the relevancy of those dates for purposes of the "home state" exception.[2]

Based on what is before me today, I could perhaps affirm the Report and Recommendation and let the case unfold in the usual course. Based on facts that were not placed before Judge Hammer, I might discover after a year or two that there never was jurisdiction, or that I would have been well-advised to decline jurisdiction on a discretionary basis. Better, I think, to place the court's jurisdictional determination on a firm factual footing now. Jurisdictional discovery will not be wasted in any case. The facts relevant to jurisdiction are also central to class

---

[2] For purposes of diversity itself, the issue seems to be far from settled. *Cf.* 13E Wright & Miller, *Federal Practice and Procedure* § 3608, at 356–58; 15 Moore's *Federal Practice* ¶ 102.16[1] (both stating differing rules for whether diversity must exist at time of filing of complaint, at time of removal, or both).

4

certification and the merits of the claims. Whether in federal or state court, this discovery will be required.

### ORDER

Plaintiff's motion to remand (ECF no. 26) and this appeal (ECF no. 37) will therefore be ADMINISTRATIVELY TERMINATED without prejudice to renewal after appropriate jurisdictional discovery. Within seven days, the parties shall contact Magistrate Judge Hammer's chambers and schedule an in-person or telephone conference at which targeted jurisdictional discovery may be arranged.

July 24, 2015

_____
**KEVIN MCNULTY**
**United States District Judge**